ERIK C. DIMARCO
EDIMARCO@GRSM.COM
DIRECT DIAL: (212) 453-0771



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

July 19, 2024

**VIA ECF**

Hon. Ronnie Abrams, U.S.D.J.
United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

> The conference scheduled for July 26, 2024 is adjourned. The Court will determine whether to reschedule the conference after Defendant has filed its forthcoming motion to dismiss and the parties have briefed Defendant's request to stay discovery.
>
> SO ORDERED.
>
> _____
>
> Hon. Ronnie Abrams
> July 22, 2024

Re:    Adjournment Request of Rule 26 Initial Conference
       *Kellie Ann Fuller v. Colgate-Palmolive Company*
       Case No.: 1:24-cv-04225

Dear Judge Abrams:

We are writing on behalf of Colgate-Palmolive Company ("Colgate") in the above referenced action. Pursuant to Your Honor's Individual Rules & Practices in Civil Cases, Section 1(D), we are requesting adjournment of the Rule 26 Initial Conference and accompanying submissions, currently set for July 26, 2024, to accommodate Colgate's time to file a motion to dismiss under Rule 12. A waiver of service was filed on June 21, 2024, setting Colgate's time to answer or move within 60 days, to August 20, 2024. *See* Waiver of the Service of Summons, ECF No. 6. No prior requests for adjournment have been made.

As Colgate's time to file responsive pleadings has not yet passed, Colgate contacted Plaintiff to request adjournment of the Initial Conference and to hold off on discovery at this time. Colgate also noted Plaintiff's reliance on voluntary recall of certain Fabuloso Multi-Purpose Cleaner ("Fabuloso") products in February 2023 (the "Recall") is unrelated to any product Plaintiff alleged she purchased or used, as Plaintiff's alleged injuries pre-date the Recall. Plaintiff did not consent to the adjournment, did not articulate a specific reason for declining our request, and requested that the Initial Conference and discovery proceed regardless of Colgate's intent to file a Rule 12 motion to dismiss.

An adjournment of the Initial Conference and the entry of any Case Management Order would avoid unnecessary discovery and preserve judicial resources, particularly in light of Colgate's meritorious arguments for dismissal. *See Gross v Madison Sq. Garden Ent. Corp.,* 2023 WL 6815052 at *1 (S.D.N.Y. 2023); *see also Bethpage Water Dist. v. Northrop Grumman Corp.*, 2014 WL 6883529 at *3 (E.D.N.Y. 2014). Colgate will be seeking dismissal of this Complaint, in its entity, for failure to plausibly plead that any allegedly defective Fabuloso product was the cause of Plaintiff's injuries. While Plaintiff alleges a diagnosis of *pseudomonas aeruginosa*, Plaintiff

ECD/as

July 19, 2024
Page 2

does not and cannot plausibly allege that the bacterium originated from a Fabuloso product that was part of the Recall. Specifically, Plaintiff alleges she exhibited symptoms in about May 2022, and was hospitalized and treated from June 2022 to September 2022. *See* Complaint, ¶21-22. However, the Recall relates to units manufactured and sold between December 2022 and January 2023, which clearly post-dates Plaintiff's alleged use and injury by seven (7) months. *See* Pl.'s Exhibit A, pg. 5. Specifically, the Recall cited by Plaintiff clearly establishes that Fabuloso products "purchased before December 16, 2022" were not impacted by the Recall. Pl.'s Exhibit B, pg. 15. Further, as noted in the notice of the Recall relied upon by Plaintiff, the alleged bacterium is "found widely in soil and water." *See* Pl.'s Exhibit A, pg. 2.

Plaintiff's entire theory of causation relies on pure speculation and on a Recall that is unrelated to the injuries alleged. As such, Colgate does not consent to any proposed Case Management Plan and Scheduling Order submitted by Plaintiff. Colgate will shortly be filing its motion to dismiss and requesting a stay of discovery. Colgate likewise reserves the right to pursue all available remedies, including, but not limited to, seeking costs and fees for the filing of a claim lacking any factual basis.

Respectfully,

GORDON REES SCULLY MANSUKHANI, LLP

Erik C. DiMarco

CC via ECF:
*Attorneys for Plaintiff*
Adam J. Kress
Johnson Becker, PLLC
444 Cedar Street, Suite 1800
St. Paul, MN 55101
akress@johnsonbeck.com

Randi Kassan
Milberg Coleman Bryson Phillips Grossman, PLLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
rkassan@milberg.com