UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KELLIE ANN FULLER,

                          Plaintiff,

           v.

COLGATE-PALMOLIVE COMPANY,

                          Defendant.

No. 24-CV-4225 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

      Plaintiff Kellie Ann Fuller brings this product liability action against Defendant Colgate-Palmolive Company, asserting claims of strict liability, negligence, breach of implied warranty of fitness, and breach of implied warranty of merchantability. Now before this Court is Defendant's motion to dismiss for failure to state a claim. *See* Def.'s Mot. to Dismiss, ECF No. 14 ("Mot. to Dismiss"). For the reasons that follow, Defendant's motion is granted.

## BACKGROUND

      For more than ten years, Plaintiff, a resident and citizen of Ohio, purchased Fabuloso Multi-Purpose Cleaners to clean her home and hair salon. Compl. ¶¶ 1–2, 10–11, ECF No. 1 ("Compl.").[1] Defendant, a Delaware corporation with its principal place of business in New York, "formulates, manufactures, produces, markets, promotes, warrants, distributes and sells" these cleaning products. *Id.* ¶¶ 13–14.

      In May of 2022, Plaintiff developed flu-like symptoms. *Id.* ¶¶ 2, 21. Although she recovered, her improvement was short-lived. *Id.* ¶¶ 2–3, 21–22. Within a few days of her

---

[1] The Court draws the following facts from the Complaint, accepting well-pleaded factual allegations as true for purposes of deciding this motion to dismiss. *Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020).

recovery, Plaintiff's health markedly declined and, on June 1, 2022, Plaintiff was admitted to the hospital, where she was diagnosed with a *pseudomonas aeruginosa* infection in her lungs. *Id.* ¶¶ 3, 22. Plaintiff continued to experience symptoms of and require treatment for her infection through September 2022. *Id.*

On February 8, 2023, Defendant recalled approximately 4.9 million Fabuloso Multi-Purpose Cleaners due to contamination with bacteria—including *pseudomonas aeruginosa* and *pseudomonas fluorescens*—resulting from failure to add the "intended levels" of preservatives to the cleaning products during manufacturing. *Id.* ¶¶ 4, 6, 23, 25. The recall notice did not apply to "any product purchased before December 16, 2022." Compl. Ex. B., at 15.

Plaintiff alleges that her injuries, which occurred several months prior to Defendant's sale of products subject to the recall notice, resulted from use of Defendant's contaminated cleaning products. In particular, she alleges that her injuries were the direct and proximate result of Defendant's "intentional concealment of such contamination, their failure to warn consumers of such contamination and their failure to timely remove a product with such contamination from the stream of commerce." *Id.* ¶¶ 30–31. Defendant has moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), which Plaintiff opposes. *See* Pl.'s Opp'n, ECF No. 17 ("Opp'n").

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, omissions, and alterations.

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In deciding a motion to dismiss, the Court "constru[es] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)), although this "tenet . . . is inapplicable to legal conclusions," *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### I. Choice of Law

The Court finds, and the parties agree, that Ohio law governs this federal diversity tort action. *See* Mot. to Dismiss 4; Opp'n 7. "In diversity jurisdiction cases such as this, it is well settled that a federal court must look to the choice of law rules of the forum state." *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir. 1998). "In tort actions, if there is a conflict of laws, New York courts apply an interests analysis, under which the law of the jurisdiction having the greatest interest in the litigation is applied." *Id.* (quoting *AroChem Int'l, Inc. v. Buirkle*, 968 F.2d 266, 270 (2d Cir. 1992)). Applying the choice of law rules of New York, the Court concludes that the laws of Ohio, the *situs* of Plaintiff's injury, decide this action. *See Satterfield v. Maldonado*, 127 F. Supp. 3d 177, 189 n.11 (S.D.N.Y. 2015) ("Where the parties are domiciled in different states, the locus of the tort will almost always be determinative in cases involving conduct-regulating laws." (quoting *Krock v. Lipsay*, 97 F.3d 640, 646 (2d Cir. 1996))).

### II. Analysis of Claims

Plaintiff brings common law claims against Defendant for strict liability, negligence,

3

breach of implied warranty of fitness for a particular purpose, and breach of implied warranty of merchantability. *See* Compl. ¶¶ 32–57. In its motion to dismiss, Defendant argued that dismissal of Plaintiff's strict liability and negligence claims is warranted because Plaintiff has failed to plausibly plead that Defendant's products were the proximate cause of her injuries. Mot. to Dismiss 5. As to her third and fourth causes of action, Defendant argued, and Plaintiff conceded, that the Ohio Product Liability Act ("OPLA") abrogates her claims for breach of implied warranty. *See id.* 5–6; Opp'n 12.

On January 28, 2025, the Court ordered the parties to submit supplemental briefing as to whether the OPLA abrogates all product liability claims, including Plaintiff's strict liability and negligence claims. Order, ECF No. 21. The parties agreed that it does. *See* Def.'s Letter 1, ECF No. 23; Pl.'s Letter 1, ECF No. 24.

The Court finds that the OPLA—which the parties agree "abrogated all common law claims relating to product liability causes of action"—abrogates all four of Plaintiff's common law product liability claims. *Parker v. ACE Hardware Corp.*, 104 N.E.3d 298, 304 (Ohio Ct. App. 2018) (quoting *Evans v. Hanger Prosthetics & Orthotics, Inc.*, 735 F. Supp. 2d 785, 795 (N.D. Ohio 2010)); *see also Wimbush v. Wyeth*, 619 F.3d 632, 637, 639 (6th Cir. 2010) (explaining that strict liability and common law negligence claims brought after passage of 2005 amendment to the Ohio Products Liability Act are abrogated); *WEL Cos. v. Haldex Brake Products Corp.*, 467 F. Supp. 3d 545, 558, 562 (S.D. Ohio 2020) (finding that "the OPLA abrogate[d] Plaintiff's common law claims for negligence, breach of warranty, and strict product liability").[3] Accordingly, the Court need not reach Defendant's argument that the Court should

---

[3] Some Ohio courts recognize an exception to the OPLA abrogation where "purchasers who are not in privity with the manufacturer" and, thus, "cannot bring such claims under the OPLA," seek damages solely for economic loss. *WEL Cos.*, 467 F. Supp. 3d at 558. "[T]he majority of Ohio courts," however, hold that this exception does not apply to "commercial buyers" such as Plaintiff, particularly where

4

dismiss Plaintiff's claims for failure to plead that Defendant's products were the proximate cause of her injuries.

### III. Leave to Amend

Finally, Plaintiff requests leave to amend the Complaint. In response to this Court's request for supplemental briefing, Plaintiff submitted a proposed amended complaint, intended to remedy her failure to plead her claims with reference to the OPLA. Pl.'s Letter 1, Ex. A, ECF No. 24. Although Defendant argues that amendment would be futile, Reply Mem. of Law 7, ECF No. 20, "it is rare that such leave should be denied, especially when there has been no prior amendment," *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991), *overruled on other grounds by* 544 U.S. 197 (2005), as "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). Accordingly, the Court grants Plaintiff's request to amend the Complaint to permit Plaintiff to replead her claims under the applicable provisions of the OPLA. *See Delahunt v. Cytodyne Techs.*, 241 F. Supp. 2d 827, 842 (S.D. Ohio 2003) (granting dismissal of common law negligence claim without prejudice "so that the Plaintiff may amend her Complaint to bring the claim under the proper statutory provision" of the OPLA). If Plaintiff elects to file an amended complaint, however, she shall attempt to address each of the bases for dismissal that Defendant identifies in its motion to dismiss. If she does not, for instance, add any factual allegations with respect to proximate cause, the Court will assume that Plaintiff is not aware of any such additional facts relevant to that analysis.

---

"Plaintiff could have sued under the OPLA, for non-economic losses." *Id.* at 561–62. No party argues, and the Court does not find, that an exception for economic loss applies.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is granted. Plaintiff shall have thirty (30) days to file an amended complaint, provided she has a good-faith basis for doing so. The Clerk of Court is respectfully directed to close the motion pending at ECF No. 14.

SO ORDERED.

Dated:    February 24, 2025
          New York, New York

_____
Ronnie Abrams
United States District Judge