UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KELLIE ANN FULLER,

                    Plaintiff,

v.

COLGATE-PALMOLIVE COMPANY,

                    Defendant.

No. 24-CV-4225 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Kellie Ann Fuller brings this product liability action against Defendant Colgate-Palmolive Company, asserting claims of defective manufacture or construction, defective design or formulation, and inadequate warning or instruction pursuant to Ohio Revised Code ("O.R.C.") §§ 2307.74–76 (West 1987).  Now before this Court is Defendant's motion to dismiss Plaintiff's Amended Complaint for failure to state a claim.  For the reasons that follow, the motion is granted.

## BACKGROUND

For more than ten years, Plaintiff Kellie Ann Fuller ("Fuller"), a resident of Ohio, purchased Fabuloso Multi-Purpose Cleaners (the "Colgate Cleaners") to clean her home and hair salon.  Dkt. 27 ("Amended Complaint" or "Am. Compl.") ¶¶ 1–2, 10–11.[1]  Defendant Colgate-Palmolive Company ("Colgate") "formulated, manufactured, produced, marketed, promoted, warranted, distributed and sold" these cleaning products.  *Id.* ¶ 1.

In or around May 2022, Fuller developed flu-like symptoms.  *Id.* ¶¶ 2, 21.  Although she briefly felt better—well enough to clean her windows and blinds—her improvement was short-

---

[1] The Court draws the following facts from the Amended Complaint and the Exhibits attached thereto, accepting well-pleaded factual allegations as true for purposes of deciding this motion to dismiss.  *Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020).

lived.  *Id.* ¶¶ 2–3, 21.  Fuller's health soon declined markedly and, on June 1, 2022, she was admitted to the hospital, where she was diagnosed with a *pseudomonas aeruginosa* infection in her lungs.  *Id*. ¶¶ 3, 22.  She continued to experience symptoms of her infection and required treatment for it through September 2022.  *Id.*

On February 8, 2023, Colgate recalled approximately 4.9 million Colgate Cleaners due to contamination with bacteria—including *pseudomonas aeruginosa*—resulting from its failure to add the "intended levels" of a preservative to the cleaning products during manufacturing.  *Id.* ¶¶ 4–6, 23, 25.  The recall notice did not apply to "any product purchased before December 16, 2022."  *Id.* Ex. B. at 15 ("Recall Notice").

Fuller alleges that her illness, which occurred between May and September 2022—several months prior to Colgate's sale of any products subject to the recall—resulted from her use of contaminated Colgate Cleaners.  *Id.* ¶¶ 31, 36, 50.  In particular, she asserts that her illness was the direct and proximate result of Colgate's "intentional concealment of such contamination, their failure to warn consumers of such contamination and their failure to timely remove a product with such contamination from the stream of commerce."  *Id.* ¶¶ 30–31.

Fuller initiated this action on June 3, 2024.  On February 24, 2025, the Court dismissed Fuller's original complaint, concluding that all of Fuller's common law product liability claims were abrogated by the Ohio Product Liability Act ("OPLA").  *See* Mem. Op. & Ord., Dkt. 26 ("Op.").  The Court granted Fuller leave to amend her complaint to replead her claims under the OPLA.  *Id.* at 5.  Fuller filed her Amended Complaint on March 26, 2025, repleading her claims under the OPLA with factual allegations substantially similar to the ones she included in her original complaint.  *See* Am. Compl.  Colgate now moves to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Dkt. 28 ("Mot. to Dismiss"),

which Fuller opposes, Dkt. 30 ("Pl.'s Opp'n").

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  In deciding a motion to dismiss, the Court "constru[es] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)), although this "tenet . . . is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

The Court previously held, and the parties agree, that Ohio law governs this federal diversity action.  *See* Op. at 3; Dkt. 29 ("Def.'s Br.") at 5; Pl.'s Opp'n at 7.  After the Court dismissed the original complaint, Fuller repled her product liability claims under the OPLA, pursuant to O.R.C. §§ 2307.74–77.[3] Am. Compl. ¶¶ 32–51.  Defendants now seek to dismiss these claims.

### I.      Manufacturing or Design Defect Claims Under O.R.C. §§ 2307.74–75

To state a claim for a manufacturing defect or design defect under the OPLA, codified at

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, omissions, and alterations.

[3] Fuller now concedes that dismissal is warranted as to her claim for failure to conform to representations under O.R.C. § 2307.77.  Pl.'s Opp'n. at 13–14.

O.R.C. §§ 2307.74–75, "courts have, at minimum, required plaintiffs to allege . . . that the product failed during the plaintiff's use." *Grange Mut. Cas. Co. v. Optimus Enters., Inc*, 2016 WL 3078956, *2–3 (N.D. Ohio June 1, 2016). Fuller fails to plausibly allege that her Colgate Cleaners failed during her use, and therefore fails to state a claim under O.R.C. §§ 2307.74–75.

The Amended Complaint relies almost exclusively on Colgate's recall of the Colgate Cleaners due to contamination with bacteria resulting from failure to add the "intended levels" of a preservative to these products during manufacturing. Am. Compl. ¶¶ 4, 6, 23, 25. However, the Recall Notice, attached to the Amended Complaint and incorporated therein, *see Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993), makes clear that the recall did not apply to "any product purchased before December 16, 2022," *id.* Ex. B. at 15. As Fuller alleges that she experienced symptoms between May and September 2022, *Id.* ¶¶ 2–3, 21–22, her injury could not have been caused by any recalled products. Therefore, Fuller cannot rely solely on Colgate's recall to support her allegation that the Colgate Cleaners used by her, which she purchased prior to the beginning of the recall period, were also contaminated.

Fuller does not dispute that the Colgate Cleaners she used were not recalled. Instead, she argues that "[a] product does not need to be recalled for it to be defective." Pl.'s Opp'n at 13. While this is of course true, and the Court is not discounting the subsequent recall, the problem with Fuller's Amended Complaint is that aside from the recall, she does not allege any facts that would allow the Court to plausibly infer that the Colgate Cleaners she used were defective. Fuller merely alleges, in conclusory fashion, that she "purchased and used a number of contaminated [Colgate] Cleaners," and that these products were defective because they "did not contain adequate and intended levels of preservatives" and "were contaminated and did grow dangerous and potentially deadly bacteria, namely, *pseudomonas aeruginosa* and *pseudomonas fluorescens*."

4

Am. Compl. ¶¶ 1, 36, 38–39.

Fuller does not, however, allege any facts tending to show that Colgate's recall was underinclusive, or that the contamination was more widespread or existed earlier in the year prior to the recall. She does not, for instance, say that she tested her Colgate Cleaners and found that they were contaminated. She also does not claim that *pseudomonas aeruginosa* is a bacteria so rare that it would be plausible to infer simply from Colgate's subsequent recall that the products she used were similarly contaminated. Nor does she otherwise point to anything plausibly suggesting contamination beyond her symptoms and the subsequent recall. Therefore, Fuller's mere allegation that her products were contaminated in the same way as the recalled products, without more, "is exactly the type of threadbare recital of elements, supported by conclusory statements, that does not suffice to support a plausible complaint." *Grange*, 2016 WL 3078956, at *3 (dismissing OPLA claims for failure to state a claim under Rule 12(b)(6)).

In *Bevins v. Colgate-Palmolive Co.*, a similar case in which a plaintiff purchased Colgate's Fabuloso cleaning products and alleged injuries from a *pseudomonas aeruginosa* infection, the court dismissed her defective design or manufacturing claim against Colgate because she did "not make any non-conclusory allegations about the manufacturing process for or design of the Fabuloso products." 2025 WL 1085695, at *5 (E.D. Pa. Apr. 10, 2025). Specifically, in *Bevins*, the plaintiff failed to allege "how soon after the use she began experiencing symptoms" or "when her employer purchased the Fabuloso products." *Id*. With no plausible allegation that the product she purchased was defective other than the recall, the court there found that the plaintiff's allegations were insufficient to state a defective design or manufacturing claim. *Id.* The same is true here. *See also Grubbs v. Smith & Nephew, Inc.*, 2020 WL 5305542, at *5 (S.D. Ohio Sept. 4, 2020) (dismissing plaintiff's OPLA claims where "[p]laintiff merely makes conclusory

statements" that the product contained defects).

Moreover, to state a claim for a manufacturing defect or design defect under the OPLA, a plaintiff must plausibly allege "that the defective aspect of the manufacturer's product in question was a proximate cause of the harm for which the claimant seeks to recover." *Grange*, 2016 WL 3078956, at *2. Fuller fails to do so. She alleges only that she "purchased multiple bottles" of the Colgate Cleaners, had used them "to clean both her home and her hair salon for over ten years," and that "she began to feel ill in or around May of 2022." Am. Compl. ¶¶ 2, 11. She does not allege which specific cleaners she used, when she used them or with what frequency. Indeed, Fuller does not even assert that she used the Colgate Cleaners when she cleaned her windows and blinds in May of 2022, immediately before her symptoms turned "markedly worse." *Id.* ¶ 3.

Because "nowhere in [Fuller]'s factual allegations does [she] connect [her] assertion" that the Colgate Cleaners she purchased were contaminated "with the circumstances surrounding [her] illness," the Amended Complaint "is formed of 'naked assertions' that are lacking 'further factual enhancement.'" *Mitchell v. Proctor & Gamble*, 2010 WL 728222, at *5 (S.D. Ohio Mar. 1, 2010) (quoting *Iqbal*, 556 U.S. at 678). "In fact, the [Amended] Complaint contains no factual allegations at all to support a causal relationship between" Fuller's pre-recall use of the Colgate Cleaners and her illness. *Tolliver v. Bristol-Myers Squibb Co.*, 2012 WL 3074538, at * 3 (N.D. Ohio July 30, 2012) (dismissing OPLA claims). This requirement is aligned with the broadly recognized principle in Ohio law that, in cases involving toxic substances, "[t]he plaintiff must show that [s]he was exposed to the toxic substance and that the level of exposure was sufficient to induce the complained-of medical condition." *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 677 (6th Cir. 2011). By failing to include details of her exposure, such as when and how frequently she used the Colgate Cleaners, Fuller has not plausibly alleged that her exposure was the proximate

cause of her illness.  Her claims thus fail for this reason as well.

## II.        Failure to Warn Claim Under O.R.C. § 2307.76

To state a failure to warn claim under O.R.C. § 2307.76, a plaintiff must plausibly allege: "(1) a duty to warn against reasonably foreseeable risks; (2) breach of this duty; and (3) an injury that is proximately caused by the breach." *Fed. Ins. Co. v. Nanoscience Instruments, Inc.*, 2023 WL 2932282, at *4 (S.D. Ohio Apr. 13, 2023).  This claim too must be dismissed because Fuller "fails to include any factual allegations regarding what warnings were included by the manufacturer or how those warnings failed to measure up to the warnings a manufacturer exercising reasonable care would have provided." *Grange*, 2016 WL 3078956, at *4.

In the Amended Complaint, Fuller alleges that "Colgate knew or should have known of this contamination, but nevertheless put profit ahead of safety by continuing to sell their [Colgate Cleaners] to consumers, failing to warn said consumers of the serious risks posed by said contamination." Am. Compl. ¶ 8.  She further asserts that she suffered "significant and painful bodily injuries and illness" "[a]s a direct and proximate result of [Colgate's] . . . failure to warn consumers of such contamination."  *Id.* ¶ 30.  The Court finds that "these allegations are insufficient to plead a defective warning claim, as [Fuller] . . . has merely recited the elements of her claim." *Fed. Ins. Co.*, 2023 WL 293228, at *4.  As noted above, the Amended Complaint "fails to allege whether, or how, the [Colgate Cleaners purchased by Fuller] had any reasonably foreseeable risks (such that there could even be a duty to warn against them in the first place), or how [Colgate's] alleged failure to warn or instruct [Fuller] about any such risks proximately caused any injury."  *Id.*  As such, the Court finds that Fuller fails to state a failure to warn claim under O.R.C. § 2307.76.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is granted. Given that Plaintiff has not sought to amend her complaint, the Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 28 and 29, enter judgment for Defendant, and close the case. SO ORDERED.

Dated:     March 3, 2026
           New York, New York

_____
Ronnie Abrams
United States District Judge